**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000743
13-SEP-2016
07:58 AM**

NO. CAAP-15-0000743

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM A. CORNELIO, III, Petitioner-Appellant
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 15-1-0008(2) (CR. NO. 94-0590(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Reifuth, JJ.)

On June 8, 2015, Petitioner-Appellant William A. Cornelio, III (Cornelio) filed his fifth petition for post-conviction relief (Fifth Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). In his Fifth Petition, Cornelio asserted the following grounds for relief:

A.  The Circuit Court Plainly erred when it failed to instruct the jury regarding merger pursuant to HRS.

B.  Illegal Sentence in violation of HRS 701-109(1)(e).

C.  Denial of Right to trial by Jury. Judge Raffetto sentence based upon judge found facts not auth.

D.  Violation of Constitutional Right to Equal Protection of Laws.

E.  Illegally imposed "separate" sentences for each conviction "without the authorization of the Jury."

F.      Double Jeopardy for conviction of five firearm
        offenses when there was only one firearm incident.

G.      Cruel and unusual punishment, because sentence is
        disproportionately harsh compared to other sentences
        imposed for similar crimes.

H.      Disparity In violation of 706-606(4).

The Circuit Court of the Second Circuit (Circuit Court)[1] denied the Fifth Petition without a hearing on the grounds that Cornelio's claims were patently frivolous, without a trace of support in the record or from other evidence submitted by Cornelio, previously raised and ruled upon, or deemed waived. The Circuit Court issued its "Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief" (Order Denying Fifth Petition) on September 30, 2015.

On appeal, Cornelio contends that: (1) the Circuit Court improperly decided disputed factual issues in denying his Fifth Petition without a hearing; and (2) his factual allegations of an illegal sentence raised a material issue under Hawai'i statutes and the United States and Hawai'i Constitutions. We affirm.

The only claim that Cornelio specifically addresses in his appellate briefs is his claim that the Circuit Court committed plain and constitutional error in failing to give the jury a merger instruction as to Count 2 (Place to Keep Firearm) and Count 3 (Prohibited Person in Possession of Firearm). However, the Hawai'i Supreme Court previously rejected Cornelio's merger-instruction claim in affirming the denial of his second HRPP Rule 40 petition. Cornelio v. State, No. 27395, 2006 WL 3190339, at *1 (Hawai'i Nov. 6, 2006) (SDO). The supreme court held that Cornelio had waived the issue of "whether the trial court should have instructed the jury on 'separate and distinct intents'" by failing (1) to raise the issue at trial, on appeal, or in a prior HRPP Rule 40 proceeding; (2) to rebut the presumption that his failure to raise the issue was made

---

[1] The Honorable Peter T. Cahill presided.

2

knowingly and understandingly; and (3) to prove the existence of extraordinary circumstances to justify his failure to raise the issue. Id.

We conclude that the issues raised by Cornelio in his Fifth Petition were previously ruled upon, waived, or patently frivolous and without a trace of support in the record or other evidence submitted by Cornelio. See HRPP Rule 40(a)(3), (f), (g)(2). We therefore affirm the Circuit Court's Order Denying Fifth Petition.

DATED: Honolulu, Hawai'i, September 13, 2016.

On the briefs:

William A. Cornelio, III
Petitioner-Appellant Pro Se

Peter A. Hanano
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

*Lawrence M. Reifurth*

Associate Judge

3